UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GLENOR CYRUS, et al.,

                                        Plaintiff(s),

                     -against-

HOME DEPOT, INC.,

                                        Defendant(s).
------------------------------------------------------------------------X

<u>MEMORANDUM OPINION</u>
<u>and ORDER</u>

CV 04-2250 (LDW) (ETB)

      This is an employment discrimination action involving six (6) plaintiffs - former employees of Home Depot - claiming discrimination based on race and gender. Claims are asserted under Title VII and the New York State Human Rights Law, N.Y. Exec. L. § 290 and New York City Human Rights Law, N.Y.S. Admin. Code § 8-502.

      The firm of Morgan Lewis, counsel for the defendant, Home Depot, Inc., in the above-captioned action, by letter motion, dated July 18, 2005, pursuant to Local Civil Rule 37.3, seeks an order compelling the plaintiffs to disclose documents concerning the fee arrangement plaintiffs have with their counsel, Leeds, Morelli and Brown, P.C. The plaintiffs object on grounds of privilege and relevance.

      Notwithstanding the single discrete issue - plaintiffs' retainer agreements - attached to its letter motion Morgan Lewis annexes more than one hundred ten (110) pages of exhibits. The Local Civil Rule under which this letter application is filed - 37.3(c) - permits the attachment of "relevant materials." The Local Civil Rules have the force of law so long as they do not conflict with rules prescribed by the Supreme Court, congressional enactments, or constitutional provisions. <u>United States of America, et</u>

al., v. Yonkers Bd. of Educ., 747 F.2d 111, 112 (2d Cir. 1984). The court " retains the broadest discretion in applying its local rules." In re Agent Orange Product Liability Litigation, 100 F.R.D. 778, 780 (E.D.N.Y. 1984) (denying a party's motion where it violated the local rules). Further, the court is granted considerable deference in the interpretation of its own local rules. Whitfield v. Scully, 241 F.3d 264, 270-71 (2d Cir. 2001).

The attachments here are excessive and violate the "relevancy" provision of Local Rule 37.3(c), and for this reason, the court sua sponte dismisses the application.

Document request No. 123 - consisting of ½ of one page - is cited by defendant as the sole relevant request that it seeks to enforce. Notwithstanding this, defendant attaches - as Exhibit "A" - thirty-three (33) pages of document requests and seven (7) pages of blank health authorizations. See Exhibit A, annexed to defendant's letter motion. In addition, as Exhibit B to the motion, defendant annexes fifty-seven (57) pages of plaintiffs' response to the demands, although No. 123 - ½ page - would appear to be the only relevant response. The remaining exhibits consist of apparently each written discussion between the parties with respect to the defendant's request for documents on the plaintiffs' fee arrangement.

Were it not for other considerations, the dismissal on this ground would be without prejudice to renewal, in compliance with the relevant provisions of Rule 37.3(c). Other considerations, however, bar renewal of this motion at this time.

The assigned District Judge, Leonard D. Wexler, requires that this action be trial ready within nine (9) months from the date of the 16(b) conference. The initial conference was adjourned, at the request of the parties, from October 7, 2004 to November 17, 2004, when the conference was held.

Accordingly, this action must be trial ready by August 17, 2005, and the parties were so informed at the initial conference.

The discovery plan submitted by the parties and "so ordered" by the court on November 17, 2004 provides that all discovery shall be complete by July 29, 2005. The scheduling order entered at the initial conference further provides for the submission of a list of witnesses and trial exhibits on August 19, 2005 and a final conference on August 23, 2005.

This motion is untimely under the scheduling order, dated July 9, 2004, issued at the outset of this case. Under that order the court set forth the procedures that would apply to court intervention for non-dispositive issues. In relevant part, that order states that:

> discovery demands must be served at least forty-five (45) days in advance of the discovery completion date to support a request for court intervention. Any motion for court intervention relating to discovery must be filed at least thirty (30) days prior to discovery completion. (Order, dated July 9, 2004 at 2, No. 3).

When a scheduling order is entered, the Federal Rules of Civil Procedure provide that a schedule shall not be modified except under a showing of good cause. Rule 16(b), Fed. R. Civ. P. Where the moving party fails to demonstrate good cause for contravening the scheduling order, the Court may exercise its discretion to deny the moving party's request. See Grockowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003) (affirming district court's denial of plaintiffs' motion where motion was made after the deadline set forth in the scheduling order). See also Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000) (noting that Rule 16 was drafted in part to prevent parties from disrupting the agreed-upon course of litigation).

In this case, the original document demands were served on March 9, 2005. (Affidavit of

Matthew W. Rushing, dated July 18, 2005 at 1, No. 2). Plaintiffs responded on June 6, 2005. (Exhibit B annexed to plaintiffs' letter motion, dated July 18, 2005). Accordingly, the defendant has complied with the forty-five (45) day portion of the above rule. The instant motion does not comply, however, with the requirement that a motion to compel discovery be filed no later than thirty (30) days prior to the end of discovery - July 29, 2005. The defendant's motion was filed on July 18, 2005 - eleven (11) days before discovery ends and, therefore, is not timely. The defendant has made no effort to demonstrate good cause for accepting the motion in violation of the deadlines set forth in the scheduling order. The purpose of the scheduling order is to avoid exactly what has happened here - a last minute flurry of activity at the tail end of discovery, which serves to unnecessarily delay the trial of the action, or, where appropriate, the filing of dispositive motions.

For the foregoing reasons, this application is denied, without leave to renew at this time. In the event, however, that plaintiffs prevail at trial and the fee arrangement becomes relevant to any application that plaintiffs' counsel may make for legal fees as the prevailing party, this denial is without prejudice to renewal at that time.

SO ORDERED:

Dated: Central Islip, New York
       July 19, 2005

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge