UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

GLENOR CYRUS, JUNE DEBOURGH,
KARI-ANN KERR, LATANYA MARTIN-AVERY,
GAYNA SAMUEL, CAROLYN SAUNDERS,

<u>MEMORANDUM AND ORDER</u>

Plaintiffs,

CV 04-2250

-against-

(Wexler, J.)

HOME DEPOT, INC.,

Defendant.

------------------------------------------------------------------X

LEEDS MORELLI & BROWN, P.C.
BY: WILLIAM MATTHEW GROH, ESQ.
Attorneys for Plaintiffs
One Old Country Road, Suite 347
Carle Place, New York 11514

MORGAN, LEWIS & BOCKIUS LLP
BY: DEBRA MORWAY, ESQ.
       BRENNAN S. McDONOUGH, ESQ.
Attorneys for Defendant
101 Park Avenue
New York, New York 10178

WEXLER, District Judge

This is an employment discrimination case commenced by six former employees

(collectively "Plaintiffs") of Defendant Home Depot, Inc. ("Defendant" or "Home Depot").

Plaintiffs are Black females who allege discrimination based upon race and gender. Briefly

stated, Plaintiffs allege that Defendant's Human Resources Department is "predominantly run by

1

white males" and "is inundated with racial and sexual harassment, disparate treatment and retaliation for the reporting of such."

The complaint sets forth federal causes of action on behalf of all Plaintiffs for discrimination and retaliation pursuant to Title VII of the Civil Rights laws. See 42 U.S.C. § 2000e-3 ("Title VII"). Also alleged are causes of action pursuant to the New York State Human Rights Law, N.Y. Exec. L. §290 ("NYSHRL" or the "State Claim") and, with respect to Plaintiffs residing in the City of New York, a cause of action pursuant to the New York City Human Rights Law, N.Y.S. Admin. Code § 8-502 ("NYCHRL" or the "City Claim ").

Previously before the court was a motion of Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the State and City Claims of Plaintiffs LaTanya Martin-Avery ("Avery") and June Debourgh ("DeBourgh") on the ground of election of remedies. That motion was granted in part and denied in part. Specifically, this court dismissed all of Avery and Debourgh's State and City Claims, except for the claims of retaliation. The remainder of the claims remained for trial.

Presently before the court is the motion of Defendants for summary judgment on all claims of all Plaintiffs. Also before the court is the motion of Defendant to strike much of Plaintiffs' response to the summary judgment motion as untimely. The motion seeks to have the court ignore Plaintiffs' responsive papers on the ground that although the papers were served by e-mail on the due date, they were not properly served in paper form until the next day, which was a single day past the parties' agreed upon service date. Defendants also seek to strike Plaintiffs' response to the motion on the ground that affidavits and the Rule 56.1 statement contain inadmissible and improper information.

# DISCUSSION

I.   Disposition of the Motions

Upon consideration of the papers in support of and in opposition to the motion, this Court holds first that it will not strike Plaintiffs' responsive papers.   Upon consideration of those papers, the court finds that genuine issues of material fact exist precluding the entry of summary judgment.   See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law."); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Collins v. New York City Transit Authority, 305 F.3d 113, 118 (2d Cir.2002); Andy Warhol Foundation for Visual Arts, Inc. v. Federal Ins. Co., 189 F.3d 208, 214 (2d Cir. 1999); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987).  Accordingly, Defendant's motion for summary judgment is denied.

# CONCLUSION

For the foregoing reasons, Defendant's motion to strike Plaintiffs' papers in opposition to the motion for summary judgment is denied.  The court also denies the motion for summary judgment.  The Clerk of the Court is directed to terminate both motions.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
May 2, 2006